IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| D.J., through his parent O.W. on behalf of a class of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONNECTICUT STATE BOARD OF EDUCATION<br><br>Defendant. | Civil No. 2:16-cv-1197<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>July 15, 2016 |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, on their own behalf and on behalf of a class of those similarly situated, alleges as follows against Defendant Connecticut State Board of Education (the "Board").

### INTRODUCTION

1. This is a class action to establish the rights of Plaintiff D.J. and the class he seeks to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").

2. Plaintiff D.J. is an individual with a disability who turned 21 years old on May 29, 2016. He was provided a FAPE under the IDEA by the Local Educational Agency ("LEA") for his region, the Hartford School District, but as of June 30 was denied such an education because he had reached the age of 21 during the school year that ended on June 30, 2016.

3. Plaintiff D.J. sues through his mother, Plaintiff O.W., because of his intellectual disabilities.

4. Plaintiff O.W. is the guardian of Plaintiff D.J.

5.  Plaintiff D.J. sues under a pseudonym because this Complaint discloses specific information about his disabilities, information as to which he has right of privacy. Plaintiff O.W. sues under a pseudonym because disclosure of her identity would necessarily disclose the identity of Plaintiff D.J.

6.  The termination of a FAPE to Plaintiff D.J. was pursuant to a statute and regulation that affects only students with disabilities. Conn. Gen. Stat. § 10-76d(b) provides in relevant part that "[i]n accordance with the regulations of the State Board of Education, each local and regional board of education shall ... [p]rovide special education for school-age children requiring special education" but that "[t]he obligation of the school district shall terminate when such child is graduated from high school or reaches *age twenty-one,* whichever occurs first." (Emphasis added.) This statute is implemented by Conn. Agencies Reg. § 10-76d-1(a)(4), which provides in relevant part that special education "shall be continued until the end of the school year in the event that the child turns twenty-one during that school year." For purposes of this regulation, the school year runs from July 1 through June 30.

7.  There is no comparable Connecticut law or regulation that imposes a maximum age limit for entitlement to public education for non-special education students.

8.  Under the IDEA, Plaintiff D.J. is and was entitled to receive a FAPE until the age of 22. 20 U.S.C. § 1412(a)(1)(B).

9.  Plaintiff D.J. would meaningfully benefit from an additional year of special education and related services under the IDEA.

10. As set forth below, the Board's denial of any further education to Plaintiff D.J. violates the IDEA and Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) are accordingly unenforceable as contrary to federal law.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' claims and the parties pursuant to 28 U.S.C. § 1331 because such claims arise under federal law, specifically the IDEA, 20 U.S.C. § 1400 *et seq.*

12. This Court has jurisdiction to award declaratory and preliminary and permanent injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Board resides in this district and the events and omissions giving rise to Plaintiffs' claims occurred in this district.

14. Exhaustion of administrative remedies is not required before this Court may exercise jurisdiction over Plaintiffs' claims. As the Second Circuit has recognized, exhaustion is not required where resort to administrative remedies would be futile and such futility is established where the plaintiff challenges the validity of a state law or regulation. *Heldman on Behalf of T.H. v. Sobol*, 962 F.2d 148 (2nd Cir. 1992). Clearly, it would be futile to ask the Board through the administrative process to ignore a state law and the Board's own regulation implementing that law.

## THE PARTIES

15. Plaintiff D.J. is a now 22-year-old IDEA-eligible student who was enrolled at the Hartford Public High School ("HPHS") Law and Government Academy in the Hartford School District and received a FAPE pursuant to the IDEA there.

16. Plaintiff D.J. has been diagnosed as having an intellectual disability. His IQ has been measured as 59, which is classified as "mildly impaired or delayed" under the Stanford-

Binet Fifth Edition classification and recognized as far within the lower extreme of IQ distributions.

17. Plaintiff D.J. is a client of the Department of Developmental Services.

18. Plaintiff D.J. needs and would meaningfully benefit from continued special education and related services under the IDEA. Because of his disability, he requires a supportive and structured environment to develop his academic and prevocational skills.

19. Plaintiff D.J. has not received a high school diploma.

20. Plaintiff D.J. exited special education on June 8, 2016, which was close to the last day of the school year in which he turned 21.

21. Defendant Board is responsible for providing public education for Connecticut residents, both children and adults. The Board's responsibilities include the supervision and control of special education and adult education in Connecticut. Conn. Gen. Stat. § 10-4.

22. Connecticut receives funds under the IDEA for special education. As such, under the IDEA, the Board is responsible for ensuring that the LEAs under the Board's supervision and control provide appropriate special education services to Connecticut residents. Specifically, 20 U.S.C. § 1407 provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." Similarly, 20 U.S.C. § 1412(11) requires that the State's primary educational agency "is responsible for ensuring that – (i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met."

23. The Board is also required under Connecticut law to "provide for the development and supervision of the educational programs and services for children requiring special education …." Conn. Gen. Stat. § 10-76b(a).

24. Pursuant to Connecticut law, the school districts and other entities under the Board's supervision and control are *required* to provide public education to adults. Pursuant to Conn. Gen. Stat. § 10-69(a), "[e]ach local and regional board of education *shall establish and maintain* a program of adult classes or shall provide for participation in a program of adult classes for its adult residents ...." (Emphasis added.) Such programs shall be provided in among other things "elementary and secondary school completion or classes." *Id.*

25. Adult education for "elementary and secondary school completion or classes" is required to be offered free of tuition or registration fees. Conn. Gen. Stat. § 10-73a(a).

26. As set forth below, the school districts and other entities under the Board's supervision and control actually do provide public education, including elementary and secondary education, to adults.

## FACTUAL ALLEGATIONS

27. The IDEA mandates that a "free and appropriate public education" shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). Eligibility under the IDEA for special education and related services ends, therefore, when a student becomes 22.

28. States may limit age eligibility for special education students, however, *only* to the extent it is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges . . .

20 U.S.C. § 1412(a)(1)(B).

5

29. Thus, under the IDEA, the Board is obliged to treat special education students the same as general education students with respect to age eligibility.

30. Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) purport to terminate the entitlement of Connecticut residents to a FAPE under the IDEA at the age of 21 or at the conclusion of the school year in which that resident turns 21. This law and regulation cannot do so consistent with 20 U.S.C. § 1412(a)(1)(B), however, because they apply only to special education students and not to non-special education students.

31. There is no Connecticut law or regulation that imposes an age limitation of 21 on the entitlement to public education generally. To the contrary, Connecticut law directs the school districts and other entities under the Board's supervision and control to provide programs of public education, including elementary and secondary education, to adults. Conn. Gen. Stat. § 10-69(a).

32. There is no Connecticut practice with respect to public education generally that is inconsistent with providing special education students a FAPE until the age of 22. To the contrary, it is the practice of the school districts and other entities under the Board's supervision and control to offer programs of public education to adults, including a General Educational Development preparation program, an adult high school credit diploma program, and a National External Diploma program. Website of Connecticut State Department of Education, Adult Education, Adult Education Overview, Instructional Programs: www.sde.ct.gov/sde/cwp/view.asp?a=2620&q=320686&sdePNavCtr=|45467|#45494.  These programs offer a high school equivalency diploma if the requirements for such programs are satisfied and these programs are intended to be the functional equivalent of a secondary education. *Id.*

33. As of 2014, thousands of Connecticut adults were enrolled in these programs, most of whom were over the age of 22. Specifically, 12,276 students were enrolled in the three high school completion programs discussed above. Website of Connecticut State Department of Education, Adult Education, Reports, Program Profiles, 2013-14: http://www.sde.ct.gov/sde/cwp/view.asp?a=2620&Q=321924&sdePNavCtr=|45570|#45575. And of the 24,751 students enrolled in all of Connecticut's adult education programs, 19,736 were 22 or older. *Id.*

34. The State of Connecticut, school districts, and the federal government spend millions of dollars annually for adult education in Connecticut. In 2014, $39,647,670 in state and local funds and $4,231,297 in federal funds were devoted to this purpose. *Id.*

35. The United States Court of Appeals for the Ninth Circuit has held that a Hawai`i law that purported to limit eligibility of students for public education to age 20 was inconsistent with 20 U.S.C. § 1412(a)(1)(B) because, despite this law, Hawai`i continued to provide adults with public education programs that were in all material respects identical to Connecticut's adult high school completion programs. *E.R.K. v. State of Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013). Therefore, despite this Hawai`i law, that court ruled that students with disabilities in Hawai`i were entitled to a FAPE under the IDEA until they reached the age of 22. *Id.*

## CLASS ALLEGATIONS

36. Plaintiff D.J., through Plaintiff O.W., brings this action on his own behalf and on behalf of a class of all those similarly situated pursuant to Rule 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure. The proposed plaintiff class consists of:

> All individuals who turned 21 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any LEA subject to the supervision and control of the Board and who but for their turning 21 would otherwise qualify or would have qualified for a FAPE because they

7

have not or had not yet earned a regular high school diploma ("the Plaintiff Class").

37. Membership in the Plaintiff Class is so numerous that joinder of all members is impractical. There are hundreds or thousands of Connecticut students who are receiving or have received a FAPE under the IDEA who are, were during the applicable limitations period, or will be between the ages of 21 and 22 and who but for their age would otherwise qualify or would have otherwise qualified for a FAPE.

38. Common questions of law and fact exist, including the overarching issue of whether Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) and the Board's enforcement of that statute and regulation as to Plaintiff D.J. and the Plaintiff Class violates the IDEA.

39. The claim and injury of Plaintiff D.J. is typical of the claims and injuries of the other members of the Plaintiff Class. Plaintiff D.J. was denied any further FAPE based on his age and was injured by this denial as he no longer received a FAPE despite being eligible to receive a FAPE until May 28, 2017 pursuant to the IDEA. This is the same injury that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer unless this Court grants relief.

40. Plaintiff D.J., through Plaintiff O.W, will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs intend to prosecute this action vigorously in order to secure remedies for the Plaintiff Class. Counsel of record for Plaintiffs are experienced in federal civil rights litigation and class actions, including systemic litigation against state defendants challenging disability discrimination. Jason H. Kim successfully litigated the *E.R.K.* case, which presented the same issues as this case presents.

41. Certification of the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(1) because prosecution of separate actions by individual members of the Plaintiff

Class against the Board may establish incompatible standards of conduct for the Board. If the claims brought in this action were litigated numerous times, it is possible that some members of the Plaintiff Class would be entitled to greater IDEA benefits than other members of the Plaintiff Class.

42.   Certification of the Plaintiff Class is also appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the Board has acted or refused to act on grounds that apply generally to the Plaintiff Class and final injunctive or declaratory relief is appropriate for the Plaintiff Class as a whole.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF THE IDEA)

43.   Plaintiffs repeat and reallege each and every allegation above as if fully set forth.

44.   Under the IDEA, the Board is obliged to provide a FAPE to all individuals with disabilities until such individuals reach their 22nd birthday unless to do so would be "inconsistent with State law or practice … respecting the provision of public education to children" in that age range. 20 U.S.C. § 1412(a)(1)(B).

45.   Providing students with disabilities in Connecticut a FAPE until the age of 22 would not be inconsistent with any Connecticut law or practice respecting the provision of public education in general to individuals over the age of 21.

46.   Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) are not laws that relate to the provision of public education in general. Rather, they apply solely to special education students. There is no comparable law or regulation of general applicability that imposes an age limit of 21 for the entitlement to public education.

47.   Connecticut, as a matter of both law and practice, provides a public education to individuals over the age of 21. Connecticut law requires the school districts and other entities under the Board's supervision and control to provide adults a free public education, including

elementary and secondary education. The Board complies with this legislative mandate by supervising the provision of various programs of adult education, including high school completion programs which are intended to provide a secondary education for such adults and prepare them for post-secondary education and vocational opportunities.

48. These adult education programs are paid for by public funds and programs for the completion of elementary and secondary education are required to be provided free of tuition and registration fees.

49. Thus, the default age limitation of the IDEA continues to apply because students without disabilities who are over the age of 21 in Connecticut can still pursue the equivalent of a public high school education through the Board's adult education programs.

50. The Board's refusal to provide Plaintiff D.J. and the members of the Plaintiff Class a FAPE violates the IDEA and Plaintiff D.J. and the members of the Plaintiff Class are entitled to a FAPE until they reach the age of 22.

51. The Board has also violated 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA and 20 U.S.C. § 1412(11) by failing to ensure that the LEAs under the Board's supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

**WHEREFORE**, Plaintiffs pray that this Court:

(a) Find and declare that the Board's refusal to provide Plaintiff D.J. and the members of the Plaintiff Class with a FAPE on account of their age violates the IDEA;

(b) Find and declare that, by this conduct, the Board has violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

(c) Find and declare that Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) are invalid as contrary to the IDEA;

(d) Enjoin the Board from terminating FAPEs as to Plaintiff D.J. and the members of the Plaintiff Class who have not yet turned 22;

(e) Award compensatory education to Plaintiff D.J. and members of the Plaintiff Class to the extent they have already been denied a FAPE unlawfully;

(f) Award Plaintiffs their reasonable attorney's fees, costs, and expenses under any applicable law; and

(g) Grant such other and further relief as this Court deems just and proper.

DATED: Hartford, Connecticut, July 15, 2016.

NANCY B. ALISBERG
Fed. Bar No. CT 21321
(860) 297-4397
Office of Protection and Advocacy
for Persons with Disabilities
60B Weston Street
Hartford, CT 06120
Tel: 860 297-4397
Fax: 860 566-8714
E-mail: nancy.alisberg@ct.gov

SONJA L. DEYOE #6301
Fed. Bar. No. CT 420118
LAW OFFICES OF SONJA L. DEYOE. P.C.
395 Smith Street
Providence, RI 02908
Telephone: (401) 864-5877
Email: sld@the-straight-shooter.com

JASON H. KIM
(to be admitted *pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

Counsel for Plaintiffs