IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
D.J. through his parent O.W.,                   :
on behalf of a class of those similarly         :
situated,                                       :
                          Plaintiffs,           :
                                                :
vs.                                             :        Civil No. 3:16-cv-01197 (CSH)
                                                :
CONNECTICUT STATE BOARD OF                      :
EDUCATION,                                      :
                          Defendant.            :
                                                :        September 1, 2017
                                                :
                                                :
_____        :

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION PURSUANT TO FRCP 23(b)(2)**

**I.     INTRODUCTION**

The named Plaintiff in this action, D.J. (suing through his parent O.W.) is an individual

with a disability who until June 30, 2016 received a free appropriate public education ("FAPE")

under the Individuals with Disabilities Education Act ("IDEA") by the Local Educational

Agency ("LEA") for his region, the Hartford Public School District. D.J. seeks to represent a

class of similarly-situated individuals to ensure that: (1) all class members who are not yet 22

continue to receive special education and related services until the age of 22 as required by the

IDEA; and (2) all class members whose special education was terminated from two years from

the filing of this action to entry of final judgment receive compensatory education to remedy the

harm caused by the unlawful early termination of their IDEA services.

The class members' rights under the IDEA have been or will be uniformly violated by

Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) which, contrary to the

IDEA, purports to limit the obligation of Defendant Connecticut State Board of Education

("Board") and the LEAs under the Board's supervision to provide special education to the end of the school year in which a student turns 21. Despite this statute and regulation, all class members are entitled to special education and related services under the IDEA to the age of 22 because the Board through its extensive publicly-funded adult education programs makes available elementary and secondary education to students without disabilities regardless of age.

Class certification is appropriate under Fed. R. Civ. Proc. 23(a) because the proposed class and subclasses meet the prerequisites of: (1) numerosity; (2) common issues of law and fact; (3) typicality; and (4) adequate representation. There are hundreds of individuals with disabilities who are or were between the ages of 21 and 22 in Connecticut who are or were entitled to receive special education and related services under the IDEA. Whether the Board's application and enforcement of Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) violate the IDEA involves common issues of law, *i.e.* the interaction of this statute and regulation with the IDEA, and fact, *i.e.* the Board's practice of providing elementary and secondary adult education to students without disabilities regardless of age. The named Plaintiff's claims are typical of those of the class because he alleges the same claim and suffered the same injury: that the IDEA entitles them to special education and related services until they turn 22 and that the Board threatens to or actually did deprive them of these services. Finally, the named Plaintiff will adequately represent the class because he does not have any conflicts with any class members and is represented by counsel with vast experience in civil rights class actions, including counsel who has successfully litigated this same issue to the United States Court of Appeals for the Ninth Circuit.

Class certification is appropriate under Fed. R. Civ. Proc. 23(b)(2) because the Board has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

The Board has uniformly refused to require LEAs to provide special education until the age of 22 as required by the IDEA.

## II.    PROPOSED CLASS DEFINITION

Plaintiff seeks certification of a plaintiff class defined as follows:

> All individuals who were over 21 and under 22 within two years before the filing of this action or will turn 21 during the pendency of this action who are provided or were provided a FAPE under the IDEA by any LEA in the State of Connecticut and who, but for turning 21, would otherwise qualify or would have qualified for a FAPE until age 22 because they have not or had not yet earned a regular high school diploma ("the Class").

## III.    STATEMENT OF FACTS

### A.    The IDEA's Age-Eligibility Provision

The IDEA mandates that a "free and appropriate public education" ("FAPE") shall be "available to all children with disabilities . . . between the ages of 3 and 21, inclusive . . . ." 20 U.S.C. § 1412(a). Eligibility under the IDEA for special education and related services ordinarily ends, therefore, when a student becomes 22.

States may limit age eligibility for special education students, but *only* to the extent age eligibility is limited for public education generally:

> The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children—
>
> > (i) aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges . . .

20 U.S.C. § 1412(a)(1)(B).

### B.    Connecticut's Age-Eligibility Statute and Regulation

Conn. Gen. Stat. § 10-76d(b) provides in relevant part that "[i]n accordance with the regulations of the State Board of Education, each local and regional board of education shall …

[p]rovide special education for school-age children requiring special education" but that "[t]he obligation of the school district shall terminate when such child is graduated from high school or reaches *age twenty-one*, whichever occurs first." (Emphasis added.) This statute is implemented by Conn. Agencies Reg. § 10-76d-1(a)(4), which provides in relevant part that special education "shall be continued until the end of the school year in the event that the child turns twenty-one during that school year." For purposes of this regulation, the school year runs from July 1 through June 30. No LEA voluntarily provides special education beyond the minimum specified by this regulation. Exh. A to Declaration of Jason H. Kim ("Kim Decl."), 102:9-23. This statute and regulation applies *only* to special education students.

### C.    Connecticut's Adult Education Programs

Under Connecticut law, the LEAs under the Board's supervision and control are *required* to provide programs of public education to adults. Pursuant to Conn. Gen. Stat. § 10-69(a), "[e]ach local and regional board of education *shall establish and maintain* a program of adult classes or shall provide for participation in a program of adult classes for its adult residents …." (Emphasis added.) Such programs shall be provided in among other things "elementary and secondary school completion or classes." *Id.* Each and every LEA in Connecticut is required to provide some form of public adult education. Exh. A to Kim Decl., 43:4-17.

Adult education for "elementary and secondary completion or classes" is required to be offered free of tuition or registration fees. Conn G. Stat. § 10-73a(a). And these adult education programs are almost entirely funded by public funds—from the federal government, the state, and local sources. In 2016, $38,935,231 in state and local funds and $4,035,936 in federal funds were devoted to adult education. Exh. B to Kim Decl. Thousands of Connecticut adults are enrolled in these programs, most of whom are over the age of 22. *Id.*

Among other programs, the Board offers the General Educational Development ("GED") Program, the National External Diploma ("NEDP") Program, and the Adult High School Credit Diploma ("AHSCD") Program. Exh. C to Kim Decl. All three programs allow participants to attain a high school diploma. *Id.* And all three programs are almost entirely publicly funded. Exh. A to Kim Decl., 33:3-11; 46:1-9; & 55:15—56:1.

The United States Court of Appeals for the Ninth Circuit held that a Hawai`i law that purported to limit eligibility of students for public education to age 20 was inconsistent with 20 U.S.C. § 1412(a)(1)(B) because, despite this law, Hawai`i continued to provide adults with public education programs that were in all material respects identical to Connecticut's GED Program and NEDP Program. *E.R.K. v. State of Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013). The court therefore ruled that students with disabilities in Hawai`i were entitled to a FAPE under the IDEA until they reached the age of 22. *Id.* That case was litigated as a class action pursuant to Fed. R. Civ. Proc. Rule 23(b)(2), just as this one should be.

### D.     The Plaintiff

D.J. is now over the age of 22 and formerly received a FAPE pursuant to the IDEA at the Hartford Public High School Law and Government Academy in the Hartford Public School District. Compl., ¶ 15. D.J. has been diagnosed as having an intellectual disability. *Id.*, ¶ 16. The Hartford Public School District terminated his special education services on June 8, 2016, which was close to the last day of the school year in which he turned 21. *Id.*, ¶ 20. At the time of his exit, he had not received a high school diploma. *Id.*, ¶ 19.

### E.     The Board

The Board is responsible for providing public education for Connecticut residents, both children and adults. Under federal and state law, the Board is responsible for ensuring that the LEAs provide appropriate special education services to Connecticut residents. 20 U.S.C. § 1407

provides that each State that receives IDEA funds must "ensure that any State rules, regulations, and policies relating to this chapter conform to the purposes of this chapter." Similarly, 20 U.S.C. § 1412(11) requires that the State educational agency (in this case the Board) be "responsible for ensuring that–(i) the requirements of this subchapter [referring to 20 U.S.C. §§ 1411-1419] are met." And under Connecticut law, the Board is required to "provide for the development and supervision of the educational programs and services for children requiring special education…." Conn. Gen. Stat. § 10-76b(a).

The Board exercises management and supervision of the adult education programs provided by the LEAs and contracted non-profit organizations, including the GED, NEDP, and AHSCD Programs.  Exh. A to Kim Decl., 37:2—38:4; 40:20—41:15; & 47:9—49:13; Exh. D to Kim Decl. (report to federal government pursuant to Title II of the Workforce Investment and Opportunity Act of 2014 detailing the Board's administrative and supervisory activities with respect to adult education).

## IV.    ARGUMENT

### A.    The Proposed Class Satisfies the Prerequisites of Rule 23(a).

#### 1.    The Class is So Numerous That Joinder of All Members is Impracticable

The Class satisfies the "numerosity" requirement of Rule 23(a)(1), because the Class is "so numerous that joinder of all members is impracticable." "In this circuit, courts generally presume that numerosity is satisfied where the class consists of forty or more members." *Gortat v. Capala Bros.*, 949 F. Supp. 2d 374, 383 (E.D.N.Y. 2013).

Here, a data compilation produced by the Board shows that, for the school years ending from 2014 through 2015, the following number of students aged-out of IDEA eligibility because they reached the age of 21:

| Year | Coded "SWD21+Exit Reason = "Reached Maximum Age for Services" |
|---|---|
| 2014 | 111 |
| 2015 | 93 |
| Total | 204 |

Exh. E. The 204 statewide age-outs from 2014 to 2015 more than satisfies the numerosity requirement with respect to the Class (even without consideration of class members who aged out in 2016 and 2017 and future class members as discussed below).

Numerosity may also be satisfied where, even if the number of *current* class members is relatively small, joinder is "inherently impracticable" because the class also contains *future* members. *R.P.-K. ex rel. C.K. v. Dep't of Educ., Hawaii*, 272 F.R.D. 541, 548 (D. Haw. 2011). The Class consists of special education students who will turn 21 and lose eligibility for special education as of the end of the school year while this litigation is pending. Thus, the numerosity requirement is satisfied for the Class.

### 2. There Are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires questions of law or fact common to the class. These common questions must be of sufficient importance "that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2550-51 (2011).

The claim of the Class raises common questions of law or fact, including:

- Whether Conn. Gen. Stat. § 10-76d(b) and Conn. Agencies Reg. § 10-76d-1(a)(4) are sufficient to override the IDEA's default age limitations in 20 U.S.C. § 1412(a);

- Whether providing special education to students to the age of 22 would be inconsistent with any Connecticut law or practice respecting public education in general;

- Whether the Board provides public elementary and/or secondary education to students regardless of age; and

- Whether permanent injunctive relief and/or compensatory education are appropriate remedies for the Board's failure to comply with the IDEA.

These common questions are critical to the claims of each and every member of the Class. The determination of these common issues in favor of the named Plaintiff will be dispositive of the rights of each member of the Class. As the district court held in *R.P.-K.*:

> At issue here is the applicability of Act 163, a state law that by its own terms applies to students in the entire state. The common question of law at issue before the Court is whether Act 163 is sufficient to overcome the IDEA's default age limitations in 20 U.S.C. § 1412(a). This is not just a "significant issue common to the class," *Dukes*, 603 F.3d at 599, but it is the *only* issue in this litigation. … It is difficult to conceive of litigation that could present questions more common than those at issue here.

272 F.R.D. at 548 (emphasis in original). Under this same reasoning, the commonality requirement is satisfied here for the Class.

### 3. Plaintiff's Claim is Typical of the Class

To satisfy the typicality requirement of Rule 23(a)(3), "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *General Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 156 (1982). This requirement is satisfied where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

The claim of the named Plaintiff arises from the same course of events and is based on the same legal theory as the claims of the members of the Class. The named Plaintiff's claim against the Board is based on its failure to require that all Connecticut LEAs provide FAPEs under the IDEA to the age of 22 while at the same time providing public education to students without disabilities regardless of age. This is the same claim possessed by all members of the

Class. And the named Plaintiff's claim against the Board depends on the same legal theory as those of the members of the Class: that 20 U.S.C. § 1412(a) requires a State and all its LEAs to provide special education to the age of 22 if that State provides public education to students with no age limitation. Thus, the typicality requirement is satisfied.

> **4.    Plaintiff is an Adequate Class Representatives and is Represented by Adequate Class Counsel**

The adequacy requirement of Rule 23(a)(4) has two parts. First, the named Plaintiff must establish that he has no interest antagonistic to the interests of the members of the Class. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d at 291. Second, the named Plaintiff must be represented by counsel who are "qualified, experienced and generally able to conduct the litigation." *Id.* (internal citation omitted).

There is no conflict between the interests of D.J. and the interests of any other member of the Class. All members of the Class, including D.J., have an identical interest in securing the full special education and related services to which they are entitled under the IDEA.

D.J. is represented by qualified and experienced counsel who are willing and able to conduct this litigation for the benefit of the Class. One of the counsel for the named Plaintiff successfully prosecuted the *E.R.K.* case to the United States Court of Appeals for the Ninth Circuit. Kim Decl., ¶ 2. The named Plaintiff is also represented by Disability Rights Connecticut, an organization with deep expertise and knowledge of special education in Connecticut. The Legal Director of Disability Rights Connecticut who is counsel to D.J. also has extensive experience in complex and class litigation. Thus, both prongs of the adequacy requirement are satisfied.

> **B.    The Class Should be Certified Pursuant to Rule 23(b)(2)**

Because the named Plaintiff seeks systemic injunctive relief that will benefit all putative members of the Class, the Class also satisfies the requirements of Rule 23(b)(2). Rule 23(b)(2)

permits maintenance of a class action if the "party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(2) is "intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001), *abrogated on other grounds by Dukes.*

The Board has acted "on grounds generally applicable to the class." As set forth above, the Board has refused to enforce the IDEA's requirement that all Connecticut LEAs provide FAPEs to the age of 22.

Here, the named Plaintiff is seeking final injunctive and declaratory relief against the Board. If this Court determines that the Board has violated the IDEA, permanent class-wide injunctive and declaratory relief would be an appropriate remedy.

The named Plaintiff also seeks compensatory education on behalf of the members of the Class. Compensatory education is a form of equitable relief akin to an injunction rather than akin to an award of damages. *School Committee of Town of Burlington, Mass. v. Dep't of Educ. Of Mass.*, 471 U.S. 359, 369-70 (1985). In that case, the Court held that the predecessor to the IDEA allowed courts to issue a "prospective injunction directing the school officials to develop and implement at public expense an IEP placing the child in a public school" or the equivalent "retroactive reimbursement to parents" for arranging such services themselves. *Id.* In doing so, the Court rejected the argument that an award of retroactive reimbursement was "damages" not allowed by the IDEA. *Id. A fortiori*, an award of compensatory education that does not necessarily require private school placement or reimbursement is also an equitable remedy and not damages. *See also Doe v. East Lyme Bd. Of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015) ("Compensatory education is *prospective equitable relief*, requiring a school district to fund

education beyond the expiration of a child's eligibility as a remedy for any earlier deprivations in the child's education.") (Emphasis added and internal quotation omitted.)

In summary, this action is a civil rights action where the named Plaintiff primarily seeks injunctive and declaratory relief against discriminatory practices by government actors. This type of suit is particularly appropriate for certification under Rule 23(b)(2). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) cases). Thus, the Court should certify the Class pursuant to Rule 23(b)(2).

**C.   The Named Plaintiff's Counsel Should be Appointed Class Counsel Pursuant to Rule 23(g).**

In certifying a class, the Court must also appoint class counsel pursuant to Fed. R. Civ. Proc. 23(g), considering: (1) "the work counsel has done in identifying or investigating potential claims in this action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class."

All these factors weigh in favor of appointing Schneider Wallace Cottrell Konecky Wotkyns ("SWCKW"), The Law Offices of Sonja L. Deyoe, and Disability Rights Connecticut as class counsel. These firms have devoted significant efforts to identifying and investigating the claims in this action, as evidenced by the Complaint in this matter. No other law firms have filed similar claims with this Court or any other Connecticut court. Furthermore, as set forth above, class counsel are highly qualified to represent the Class. Finally, these firms have devoted, and will continue to devote, sufficient resources to representing the class.

## V.    CONCLUSION

For the foregoing reasons, the Court should grant this Motion and issue an Order: (1) certifying the requested Class pursuant to Fed. R. Civ. Proc. 23(b)(2); (2) appointing D.J. as class representative; and (3) appointing Schneider Wallace Cottrell Konecky Wotkyns, The Law Offices of Sonja L. Deyoe, and  Disability Rights Connecticut as class counsel.

DATED:  Los Angeles, California     September 1, 2017.

_____

JASON H. KIM
(admitted *pro hac vice*)
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608

NANCY B. ALISBERG
Fed. Bar No. CT 21321
Disability Rights Connecticut
270 Farmington Avenue, Suite 181
Hartford, CT 06030
Tel:  860 990-0175
E-mail: nancy.alisberg@disrightsct.org

SONJA L. DEYOE #6301
Fed. Bar. No. CT 29186
LAW OFFICES OF SONJA L. DEYOE. P.C.
395 Smith Street
Providence, RI 02908
Telephone: (401) 864-5877
Email:  sld@the-straight-shooter.com

Counsel for Plaintiff