UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| D.J., through his parent O.W., on behalf of a class of those similarly situated, | |
| Plaintiff, | 3:16-cv-01197 (CSH) |
| v. | |
| CONNECTICUT STATE BOARD OF EDUCATION, | MARCH 23, 2018 |
| Defendants. | |

## MEMORANDUM AND ORDER REGARDING STANDING

**HAIGHT, Senior District Judge**:

Plaintiff D.J. brings this purported class action through his parent O.W. against the Connecticut State Board of Education, alleging a violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1412(a), and seeking declaratory and injunctive relief, and compensatory damages. Plaintiff has filed a motion to certify a class, and a motion for summary judgment. Defendant has cross-moved for summary judgment. However, before the Court may consider those pending motions, it must resolve the threshold question of standing.

An inquiry into Plaintiff's standing to bring this case is not only appropriate, it is constitutionally mandated.

> [F]ederal courts are courts of limited jurisdiction, their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. Although the "case or controversy" requirement has itself been a fertile ground for controversy through the years, at its uncontroverted core lies the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural.

1

*Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted), *as revised* (May 24, 2016). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

"Fundamentally, standing simply means that the plaintiff is entitled to walk through the courthouse door and raise his grievance before a federal court[.]" *Baur v. Veneman*, 352 F.3d 625, 643 (2d Cir. 2003) (quotation marks and citation omitted). Thus, if a plaintiff lacks Article III standing, a court has no jurisdiction to hear his claims. And "[b]ecause the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) (citations omitted).

The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The party invoking federal jurisdiction bears the burden of establishing these three elements, *id.*, and this burden "increases over the course of litigation." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011).

> Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed.Rule Civ.Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true.

*Lujan*, 504 U.S. at 561 (quotation marks, alteration and citation omitted).

Consistent with its obligation to do so, the Court considers *sua sponte* whether Plaintiff D.J. has standing to commence and prosecute this action, either individually or as the representative of the purported class.

The Complaint alleges that D.J. is an individual with intellectual disabilities who turned 21 years old on May 29, 2016. Doc. 1, ¶ 2. D.J. and co-Plaintiff O.W., his parent and guardian, bring this purported class action "to establish the rights of Plaintiff D.J. and the class he seeks to represent to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA")." *Id*., ¶ 1.

The regulations implementing the IDEA state that the obligation to provide a free appropriate public education to children with disabilities "does not apply with respect to . . . [c]hildren with disabilities who have graduated from high school with a regular high school diploma." 34 C.F.R. § 300.102(a)(3)(i). Such a diploma must be "fully aligned with State standards[.]" *Id.* at (a)(3)(iv). Connecticut law provides the criteria for high school graduation in this state. *See* Conn. Gen. Stat. §10-221a. While a student who has not yet received a regular high school diploma remains eligible for special education through the end of the school year in which that student turns 21 years of age,

3

*see* Conn. Gen. Stat § 10-76d(b); Conn. Agencies Regs. § 10-76d-1(a)(4), there appears to be no question that a student who *has* received a regular high school diploma does *not* remain eligible for such services.

In the case at bar, Plaintiff filed a Complaint on July 15, 2016, alleging that D.J. "has not received a high school diploma." Doc. 1, ¶17. The Complaint further alleges that until the end of the school year in which he turned 21, Plaintiff D.J. received a free appropriate public education pursuant to the IDEA at the Hartford Public High School Law and Government Academy. *Id.*, ¶¶2, 20. Plaintiff seeks to certify a class pursuant to Rule 23(b) of the Federal Rules of Civil Procedure of all individuals who would have otherwise qualified to continue receiving a FAPE but for turning 21, "because they have not or had not yet earned a regular high school diploma." *Id.*, ¶36. Plaintiff seeks a declaration that the Connecticut laws which terminate the entitlement of Connecticut students receiving a FAPE under the IDEA at the end of the school year in which the student turns 21 are inconsistent with the IDEA, "because they apply only to special education students and not to non-special education students." *Id.*, ¶30.

Plaintiff's Complaint satisfied his burden of establishing at the pleading stage that he had standing to pursue his claims. However, "[t]hat point is irrelevant now, however, for we are beyond the pleading stage." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Plaintiff has filed a motion for class certification, and a motion for summary judgment. In support of the summary judgment motion, Plaintiff appended an affidavit, authored by Plaintiff O.W., D.J.'s parent. The affidavit states, *inter alia,* that "D.J. earned a diploma from Hartford Public High School in or about 2013. However, he continued to receive educational and related services from Hartford Public High School until or about June 30, 2016." *September 13, 2017, Affidavit of O.W.*, Doc. 29-9, ¶5.

4

On the basis of this sworn statement, Defendant challenged Plaintiff's motions for class certification and for summary judgment, arguing that a receipt of a high school diploma renders Plaintiff's claims moot. Defendant also filed its own motion for summary judgment, arguing, *inter alia*, that, as a high school graduate, Plaintiff's claims are moot and that Defendant is therefore entitled to summary judgment. Although Defendant framed this issue as one of mootness, the careful reader will have noted that the controversial diploma was issued or offered – the present record is not clear on that point – in 2013: Three years prior to the filing of Plaintiff's Complaint, and three years before Plaintiff turned 21. Thus, the present issue is not whether Plaintiff's claims for relief became moot during the pendency of this lawsuit, but rather, whether Plaintiff had standing to bring this action in the first instance, because "standing is determined as of the time of the complaint, [whereas] mootness is evaluated throughout the pendency of the litigation." *Fetto v. Sergi*, 181 F. Supp. 2d 53, 67 (D. Conn. 2001) (citations omitted).[1]

In these circumstances, Plaintiffs submitted a second affidavit from O.W. in reply to the motion for class certification, stating that

> [o]fficials at Hartford High School offered D.J. a high school diploma from Hartford Public High School in or about 2013. When D.J was offered this diploma, as his guardian, I refused to accept it. D.J. was taking programs through Hartford High School . . . I was told that if D.J. accepted the diploma he would not be able to continue with those programs. I understood that the diploma was kept in the school office. Even though Hartford High School said that he could graduate, I knew that he

---

[1] I note that the fact that Plaintiff seeks to certify a class in this matter "adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quotation marks and citation omitted). A plaintiff who has no standing may not pursue class certification. *See Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 68 (S.D.N.Y. 2013).

had not learned any skills that would allow him to live independently or to support himself. . . . Starting in or about 2015, D.J. no longer attended classes at Hartford High School.

*October 19, 2017, Affidavit of O.W.*, Doc. 37-4, ¶¶5-7.

Such information is insufficient to satisfy the inquiry as to whether Plaintiff has standing to bring this lawsuit. The present record does not reveal whether the diploma offered to Plaintiff was "a regular high school diploma," as that phrase is used in § 300.102(a)(3) of the IDEA regulations, or whether the document tendered was some different or lesser instrument (such as a certificate of attendance). If D.J. had attained the necessary credits to entitle him to a regular high school diploma, and the school officials made it plain at the time that this sort of diploma was being awarded to D.J., then *quaere* whether D.J. would continue to be eligible for a FAPE under the IDEA, notwithstanding the refusal of O.W., acting as D.J.'s parent and guardian, to accept a regular diploma on D.J.'s behalf (for reasons I am prepared to accept were entirely honorable). Moreover, if it appears that D.J. earned and was awarded or offered a regular high school diploma prior to reaching 21 years of age, *quaere* whether Plaintiff can show that the law he challenges caused him to suffer an injury in fact, fairly traceable to Defendant, that is likely to be redressed by a favorable judicial decision. An inability to make that showing would effectively close the door to this courthouse for Plaintiff.

The Court's present purpose is to raise these questions. This Ruling neither states nor intimates the manner in which they should be decided. Relevant disputes must await the development of a more complete factual record and the further submissions of counsel.

"Although a plaintiff bears the burden of alleging facts that demonstrate its standing, a court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir.

2011) (quotation marks and citation omitted). For the reasons stated, it is apparent that an evidentiary hearing is necessary to explore whether this Plaintiff has standing to proceed with this interesting and important action.

Plaintiff bears the burden of proof on the constitutional issue of his standing to sue. Counsel for Plaintiff must consider in the first instance whether a basis exists for an assertion of standing consistent with the provisions of Rule 11 of the Federal Rules of Civil Procedure. If there is to be an evidentiary hearing, counsel for the parties are directed to confer in a good faith effort to stipulate to facts that are relevant and undisputed. If disputed issues of fact emerge, the Court will upon application make an order for pre-hearing discovery limited to those issues. Since a party's standing to sue is jurisdictional in nature, an order by the Court dismissing the action for lack of standing would be without prejudice to the underlying merits of the case.

A hearing on the case, consistent with this Memorandum and Order, will take place on April 23, 2018, in the 17th Floor Courtroom at 157 Church Street, New Haven, Connecticut, beginning at 10:30 a.m. and continuing from day to day until the hearing is completed.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         March 23, 2018

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge