UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A.R., on behalf of a Class of those similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 3:16-cv-1197 (CSH) |
| v. | )<br>)<br>) |
| CONNECTICUT STATE BOARD OF EDUCATION, | )<br>) JULY 13, 2020 |
| Defendant. | )<br>)<br>) |

## MEMORANDUM

**HAIGHT, Senior District Judge:**

In a Ruling filed on June 10, 2020 [Doc. 71] and reported at 2020 WL 3086032 ("the June 10 Ruling"), this Court *inter alia* granted Plaintiff's motion for summary judgment and entered an order under Federal Rule of Civil Procedure 65(d) which "ENJOINS the [Defendant] Board from terminating a free appropriate public education as to Plaintiff A.R. and the members of the Class before they reach the age of 22." 2020 WL 3086032 at *16. The Court declared its intention to refer the case to a Magistrate Judge to consider the issue of compensatory education. *Id.* at *16–17. The case was subsequently referred to Magistrate Judge Garfinkel for that purpose.

Judge Garfinkel conducted a Zoom conference with counsel on July 8, 2020. He reported to this Court that counsel required "some guidance" about the status of the case. I conducted a telephone conference with counsel on July 9. Counsel for the Board stated that a separate Court judgment under Federal Rule of Civil Procedure 58(a) was required to implement the injunctive

1

order in the June 10 Ruling; the Board intended to appeal that Ruling; and the Board desired a stay of the Ruling's provisions pending determination of an appeal. Counsel for Plaintiff opposed any stay and stated that the Board should comply with the June 10 Ruling. As of the time of this July 9 conference, the Board had not filed a notice of appeal, or moved for a stay. Neither party had previously suggested the need for a further Court judgment.

On July 10, these filings occurred in the case:

\* The Court filed a Permanent Injunction Judgment and Order pursuant to Rule 58(a) [Doc. 81] which reiterated the injunction order contained in the June 10 Ruling.

\* The Court filed a text order [Doc. 82] which denied Defendant's July 9 oral application for a stay of the injunction, for reasons to be subsequently stated.

\* The Defendant Board filed a Notice of Appeal [Doc. 80] from the Court's June 10 Ruling and a prior Ruling on Plaintiff's motion to amend.

This procedural history gives rise to this Memorandum, whose purpose is to clarify and explain the present posture of the case.

"Every judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). "Judgment" as used in the Rules "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Such judgments include "summary-judgment orders," and "preliminary injunctions." *See* 21 Wright & Miller, *Federal Practice and Procedure* § 2785 (3d ed.). In *Zaretsky v. William Goldberg Diamond Corp.*, 820 F.3d 513, 518–519 (2d Cir. 2016), where the district court had granted the plaintiff's request for declaratory relief, the Second Circuit cited Rule 58(a) in saying that "the district court was required to set forth its judgment in a separate document."

In the case at bar, it is arguable that this Court was required to accompany its permanent injunctive order in the June 10 Ruling with a separate injunctive judgment conferring the same relief—certainly, it is not inappropriate to do so. For these reasons, the Permanent Injunction Judgment and Order was filed on July 10.

Defendant filed its Notice of Appeal on the same day. *See* Doc. 80. The docket numbers indicate that the Notice of Appeal may have been filed earlier in the day than the Court's Injunction Judgment. I do not think that precludes the Court from filing the Injunction Judgment. While ordinarily the filing of a notice of appeal ousts the jurisdiction of the district court to deal with the case substantively, the Court's filing of a separate Rule 58(a) judgment is a ministerial act, performed on the same day as the notice of appeal, and has the salutary effect of placing the case in the proper procedural posture.

In the exercise of my discretion, I have denied Defendant's spoken motion on July 9 for a stay of this Court's injunction pending appeal. I state my reasons briefly.

This Court's June 10 Ruling, for the reasons stated therein, enjoined the Defendant Connecticut State Board of Education from terminating a free appropriate public education for A.R. and Class members before they reach the age of 22. The Board, in terminating such benefits at the end of a school year for a disabled individual who turned 21 during that year, purported to act in accordance with a Connecticut statute, which the Court concluded violated the governing federal IDEA statute.

The Board has filed a notice of appeal. It has every right to do so. The Board also makes a motion to stay the injunction during the perfection and pendency of the appeal. It has no right to that stay. A motion to stay an injunction pending appeal is addressed to the sound discretion of the

3

district court. *See Nken v. Holder*, 556 U.S. 418, 427, 433 (2009). In exercising that discretion, I am commanded by the Second Circuit's instructions in *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994):

> The standard in this circuit for a stay or injunction pending appeal is (1) whether the movant [the Board, in this case] will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.

(citation and internal quotation marks omitted). Those standards all militate against granting the Board a stay of this Court's injunction.

If the stay is not granted, and the Board's appeal succeeds, the Board will not have suffered serious and irreparable harm. It will only have furnished education services to disabled children of a certain age who were not (assuming a successful appeal) entitled to them. The discernible cost to the Board is some expense and inconvenience.

The contrast with the Plaintiff Class is stark. If the stay is granted, and the Board's appeal is rejected, then disabled children, during a pivotal year in their lives, will have been deprived of special education services to which they were entitled by a federal statute. This is a working definition of irreparable harm.

As for success on appeal, anything is possible, but it is difficult to conclude that the Board has demonstrated the requisite substantial possibility of a reversal on this appeal, given the fact that this Court's reasoning in granting Plaintiff an injunction accepted and adopted decisions of the only other two circuits that have considered the question. *See* 2020 WL 3086032, at *5–9; *14–16.

The public interests, the last factor, weigh against a stay because the interests of disabled

children and their families count for more in the eyes of an enlightened public than the convenience and cost accounting of boards of education, however honorable and worthy those bodies may be.

For these reasons, this Court declined the Defendant Board's motion for a stay of the injunction pending appeal. If so advised, of course, the Board may apply to the Second Circuit for a stay. *See* Fed. R. App. P. 8(a).

Dated:   New Haven, Connecticut
         July 13, 2020

                                             */s/ Charles S. Haight, Jr.*
                                             CHARLES S. HAIGHT, JR.
                                             Senior United States District Judge